## Greaves Estate

*Gretchen S. Reed*, for estate.

*Robert A. Banks*, for claimant.

MEMORANDUM OPINION BY ROWLEY, J., JUNE 26, 1980 :

We have concluded, after carefully reviewing the record in this case, that the claimant, Carole Peters', claim for nursing care and services rendered to decedent should be granted. Decedent was hospitalized from March 31, 1975 to April 29, 1975. The diagnosis of her condition was adenocarcinoma of the colon. Surgery was performed and when she was discharged on April 29, 1975 she was unable to care for herself. She went to reside, during her convalescence, at the home of the claimant who was a neighbor.

There is no question but that the services were performed by claimant and claimant's children for the period in question. During that period of time claimant furnished the decedent with a room, with all of her meals, and with some nursing care. Claimant and her daughter, April, on many occasions changed the bag that had been inserted as a result of the surgery. The decedent, during her convalescence, also had the use of other portions of claimant's home. In addition, the claimant's children on a number of occasions went to the decedent's home for the purpose of taking care of animals, cutting the grass, and doing odd chores while decedent was absent.

We have also concluded that the record justifies the con-

clusion that claimant was not paid for the services rendered. Claimant's daughter, April, testified that the decedent told her that "some day I want your mother to have my house for all the work that she has been doing." From this testimony we believe it can properly be inferred that the decedent was not paying claimant while the work and services were being furnished. April's testimony was corroborated by the testimony of a witness who testified that decedent told her on an occasion that she wanted the claimant to have everything. Another witness said that she was told by the decedent that she was leaving everything to the claimant.

The greatest difficulty confronting the court in this case is a determination of the value of the services rendered. Claimant's claim in the amount of $7,350 was computed for seven months at a rate of $35 per day. The only relevant evidence or testimony presented at the hearing before the court was that general housekeepers and laundresses receive $25 per day. We have, however, taken judicial notice of the fact that the Beaver County Geriatric Center charges $50 per day for skilled care and $45 per day for what is termed intermediate care. Patients receiving intermediate care receive a room, their board and some nursing care. Most of them are able to do some personal chores for themselves. We have concluded under these circumstances that considering the nature of the services rendered, the claim of $35 per day is fair and reasonable. Cf. *Skelly Est.*, 27 FIDUC. REP. 426.